**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| IN RE: GERMAN AUTOMOTIVE ANTITRUST LITIGATION | MDL Docket No. 2796 |
|---|---|

**PLAINTIFFS' ALAN CORDOVER, ROBERT PASTERNAK, JACOBO FLORENS AND GINA FRANCO FLORENS RESPONSE TO MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

**I.     INTRODUCTION**

Plaintiffs in *Lewis, et al. v. BMW AG, et al.,* Case No. 17-cv-4314-CRB (N.D. Cal. July 28, 2017) ("*Lewis* Action") seek transfer and coordination of at least nine (9) related putative consumer class actions to the United States District Court for the Northern District of California.

Although the *Cordover*[1] Plaintiffs agree that transfer and coordination is proper, the *Cordover* Plaintiffs submit that the Actions should be transferred to the United States District Court for the Southern District of Florida, Miami Division, before Honorable Darrin P. Gayles.

**II.    ARGUMENT**

**A.    TRANSFER AND COORDINATION OF THE PUTATIVE CLASS ACTIONS PURSUANT TO 28 U.S.C. § 1407 IS APPROPRIATE**

Transfer and pretrial coordination of two or more civil cases is appropriate upon a finding that: (1) the cases "involve[] one or more common questions of fact," (2) the transfers would further "the convenience of the parties and witnesses," and (3) the transfers "will promote the just and efficient conduct of such actions," by ensuring oversight of pretrial proceedings. 28 U.S.C. § 1407(a).

---

1.      Undersigned Counsel represents Plaintiffs Alan Cordover, Robert Pasternak, Jacobo Florens and Gina Franco Florens in the matter of *Cordover, et al. v. BMW AG, et al.*, Case No. 0:17-cv-61528 (S.D. Fla., filed Aug. 1, 2017) ("*Cordover*")

### i. Transfer and Coordination of the Actions Will Further the Goals of § 1407

Overlapping class action lawsuits, like those at issue here, involve the type of common questions that are particularly well suited for transfer and coordination under 28 U.S.C. § 1407. *See generally In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp. 2d 1381, 1381 (J.P.M.L. 2003). Because the complaints assert the same common nucleus of operative facts, transfer and coordination under Section 1407 is appropriate. *In Re Southern Pacific Transp. Co. Emp. Practices Lit.*, 429 F. Supp. 529, 531 (J.P.M.L. 1977).

Centralization of these actions in a single judicial district for coordinated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice where all actions involve common factual and legal issues. *See* 17-112 Moore's Federal Practice - Civil § 112.04 (2012) (stating, "The . . . most important requirement for transfer under the multidistrict litigation statute is that the Panel must determine whether consolidating and transferring the related civil actions will promote the just and efficient conduct of the action.").

All actions are brought on behalf of putative state and/or nationwide classes, and involve common allegations and common questions of fact in connection with Defendants' anti-competitive exchange of otherwise sensitive information, in violation of federal and state antitrust laws. The common core allegation of each action is that Defendants engaged in secret meetings and exchanged competitively sensitive information concerning the design and manufacture of Defendants German luxury automobiles.

Here, transfer to a single forum is appropriate because it will prevent duplication of class and merits related discovery and eliminate the possibility of overlapping or inconsistent pleading and pretrial determinations by courts of coordinate jurisdiction. *See e.g. In re: Tribune Co.*

*Fraudulent Conveyance Litig.*, 2011 WL 6740260 (J.P.M.L. Dec. 19, 2011); *In re: LivingSocial Mktg. & Sales Practices Litig.*, 2011 WL 3805967 (J.P.M.L. Aug. 22, 2011); *In re: Groupon, Inc., Mktg. & Sales Practices Litig.*, 2011 WL 2132959 (J.P.M.L. May 25, 2011).

Transfer and coordination under Section 1407 will place this litigation before a single judge who can formulate a pretrial program that prevents duplication of discovery and conserves the efforts and energies of the parties, witnesses and the presiding judge. *See, e.g.*, *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) ("Centralization under Section 1407 is thus necessary to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary"). Where such common questions exist, transfer and coordination is necessary to eliminate the risk of inconsistent rulings. *See In re First Nat'l Bk., Heavener, Okla. Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978).

All of the elements are present. The anticipated voluminous discovery documents to be produced in each of class actions further warrants transfer and consolidations. Coordination of discovery and pretrial proceedings will streamline the actions' course, promoting the most efficient use of resources for the parties and the Court. Centralization of these actions will ease the burden on the individual parties, their attorneys, and presiding judges by distributing the workload into a more manageable, structured proceeding. Discovery will necessarily overlap in each of the actions.

The possibility of inconsistent rulings on pretrial issues, including rulings on discovery and privilege objections, also weighs in favor of transfer. *See In re Enron Securities Derivative & ERISA Litig.,* 196 F.Supp.2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because the Complaints all arise out of the same core nucleus of operative facts, and the likelihood that

future filed actions will be filed, the risk of inconsistent rulings on pretrial motions is substantially increased. It is in the best interests of all parties, witnesses and the Court, to transfer and coordinate these actions.

Based on the foregoing, all of the goals of § 1407 will be furthered by transfer and coordination of the actions.

> ii. **The Southern District of Florida and Judge Darrin P. Gayles Has the Experience, Time and Resources to Manage this Complex Litigation**
>
>> a) **The Southern District of Florida's Docket Conditions are Ideal to Manage this Action**

In choosing an appropriate transferee court, the Panel often examines whether the court and candidates have the necessary experience, time and resources to manage the litigation at issue.

The docket conditions of the Southern District of Florida provide an ideal balance of both the resources and experience necessary to manage this litigation. While the Southern District of Florida has frequently been selected by the Panel as a transferee district, it is currently handling only four (4) MDLs.[2] Moreover, the Southern District of Florida has an established proven track record that it is equipped to handle large scale automotive MDL's. *See In Re: Takata Airbag Products Liability Litigation* (J.P.M.L 2015).

According to the most recent Federal Court Management Statistics, the Southern District of Florida ranks as the top district in the entire country in the most significant measure of docket

---

2. *See* Pending MDLs by District as of July 17, 2017, available at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-17-2017.pdf.

conditions[3] — the median time from filing to disposition in civil cases.[4] The median time from filing to disposition currently stands at 4.1 months, and has not exceeded 5.2 months for the past five years. Additionally, the Southern District of Florida also stands near the top of the list for median time from filing to trial in civil cases, ranking fourth in that measure with a median time of 17 months. The Southern District of Florida, therefore, clearly "enjoys general docket conditions conducive to the efficient resolution of this litigation." *In re: Skechers Toning Shoe Products Liab. Litig.*, 831 F. Supp. 2d 1367, 1370 (U.S. Jud. Pan. Mult. Lit. 2011). Here, establishing the MDL in an efficient District Court is of paramount importance.

Accordingly, the Southern District of Florida has the administrative resources required to manage the pretrial matters that this litigation is likely to require.

Conversely, the potential strain placed on an overburdened transferee Court's docket and resources is an important consideration, and one that militates in favor of the Southern District of Florida. For example, while the Northern District of California's judicial experience cannot be disputed, there are currently twenty-one (21) MDL's pending in the Northern District of California, four (4) of which are currently before Judge Charles R. Breyer.[5] The Northern District of California

---

3.   The significance of this statistic is well established. *See In re Nat'l Student Mktg. Litig.*, 368 F. Supp. 1311, 1318 (J.P.M.L. 1972) (noting the importance of median time to disposition when comparing districts).

4.   *See* Federal Court Management Statistics for Southern District of Florida, March 2017 http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf).

5.   *See* Pending MDLs by District as of July 17, 2017, available at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-17-2017.pdf.

is ranked 22nd for the median time from filing to disposition, currently at 7.4 months, and ranked 47th for median time from filing to trial in civil cases, with a median time of 31.6 months.[6]

Likewise, the District of New Jersey is currently presiding over eighteen (18) MDLs.[7] The District of New Jersey is ranked 23rd for the median time from filing to disposition, currently at 7.6 months, and ranked 46th for median time from filing to trial in civil cases, with a median time of 31.4 months.[8]

Given the proven ability and resources of the Southern District of Florida, the Panel should transfer the cases pending in other districts there.

### b) **Judge Darrin P. Gayles Has the Experience and Time to Manage this Complex Litigation.**

Judge Darrin P. Gayles was confirmed to the Federal bench on June 17, 2017, by a vote 98-0.[9] On Judge Gayles' nomination, President Barack Obama noted his "demonstrated commitment to public service."[10] Judge Gayles is a competent and experienced jurist, having dedicated nearly his entire legal career to public service. Prior to joining the Federal bench, he served as a Circuit Judge in the Eleventh Judicial Circuit of Florida since 2011. *Id*. From 2004 to 2011, he was a County Judge in the same Circuit. From 1999 to 2004, Judge Gayles served as an

---

6. *See* Federal Court Management Statistics for Northern District of California, March 2017 http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf).

7. *See* Pending MDLs by District as of July 17, 2017, available at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-17-2017.pdf.

8. *See* Federal Court Management Statistics for the District of New Jersey, March 2017 http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf).

9. *See* Roll Call Vote 113th Congress – 2nd Session (https://www.senate.gov/legislative/LIS/roll_call_lists/roll_call_vote_cfm.cfm?congress=113&session=2&vote=00197).

10.

Assistant United States Attorney for the Southern District of Florida, and from 1997 to 1999, he served as an Assistant District Counsel at the United States Immigration and Naturalization Service. Judge Gayles began his legal career as an Assistant State Attorney in the Miami-Dade State Attorney's Office from 1993 to 1997. Judge Gayles received his J.D. in 1993 from George Washington University Law School and his B.A. in 1990 from Howard University.

Although Judge Gayles has presided over at least fifty-eight (58) putative class actions while on the Federal bench,[11] he is not handling any pending MDLs, and this litigation provides the ripe opportunity for Judge Gayles to preside over such a litigation.

### c) The Southern District of Florida Is An Accessible Metropolitan District Convenient to the Litigants and Witnesses

Irrespective of the ultimate transferee district, lawyers and potential witnesses may have to travel – that is inherent in any multi-district litigation. However, this litigation poses an additional geographic factor in that it is of an international scope. In fact, while the Defendants may have U.S. based subsidiary and related companies, the target Defendants are all foreign German automobile manufacturers, and the alleged collusive conduct took place beyond the geographic boundaries of the U.S. As the Panel has previously recognized, the Southern District of Florida is "readily accessible." *In re Enfamil Lipil Marketing & Sales Practices Litig.*, 764 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011).

The Southern District of Florida provides an ideal location allowing easy access for all litigants and witnesses, including potential foreign witnesses, because it contains three (3) major international airports (West Palm Beach, Fort Lauderdale, and Miami). Direct, frequent and economical flights to these three (3) airports are available from almost all major cities in the United

---

11.   *See* Judge Gayles' Bloomberg Law docket list filtered by class actions, attached hereto as "**Exhibit A.**"

States and Europe. The Panel routinely assesses the ease of access to the transferee forum in selecting the transferee forum. *In re Air Crash Near Van Cleve, Miss., On August 13, 1977,* 486 F. Supp. 926, 928 (J.P.M.L. 1980); *In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.,* 406 F. Supp. 540, 543 (J.P.M.L. 1981).

Miami has a moderate climate, so weather conditions such as snow are unlikely to delay court hearings, and public transit and taxis are readily accessible. The Miami division of the Southern District of Florida has an abundance of parking, and there are many nearby hotels to accommodate visiting attorneys. Thus, the Southern District of Florida is accessible and convenient to all litigants and potential witnesses.

### III. CONCLUSION

For all of the foregoing reasons, the Panel should transfer and consolidate the actions to the Southern District of Florida, Miami Division.

Dated: August 22, 2017

/s/ Joshua H. Eggnatz
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
EGGNATZ, LOPATIN & PASCUCCI, LLP
5400 University Drive, Ste. 417
Davie, FL 33329
Tel:	(954) 889-3359
Fax:	(954) 889-5913
JEggnatz@ELPLawyers.com
MPascucci@ELPLawyers.com

*Counsel for Plaintiffs Alan Cordover and Robert Pasternak*

/s/ Melissa Emert
Melissa Emert, Esq.
STULL, STULL & BRODY
6 East 45th Street

New York, NY 10017
Tel:        (954) 341-5561
Fax:        (954) 341-5531
memert@ssbny.com

*Jacobo Florens and Gina Franco Florens*

Case FLS/0:17-cv-61528   Document 18   Filed 08/22/17   Page 9 of 9